UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN SECO DE LUCENA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00584-WTL-DLP |
| ) | |
| KRUEGER, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

John Seco de Lucena seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

**I.     Background**

On September 20, 2000, Mr. Seco de Lucena was charged in a multi-defendant multi-count Superseding Indictment. *United States v. Seco de Lucena et al.*, No. 3:99-cr-30216-DRH-1 (hereinafter "Crim. Dkt."), Dkt. No. 69 (S.D. Ill. Sept. 20, 2000). Count one charged him with conspiracy to make false prescription by manufacturing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846; count two charged him with manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1); counts three through seven charged him with manufacture and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1); count eight charged him with maintaining a residence to manufacture methamphetamine in violation of 21 U.S.C. § 856; count nine charged him with possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A); and count ten charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The superseding indictment also included a penalty enhancement for counts one through seven based on Mr. Seco de Lucena's prior felony conviction

for a drug offense, a 1995 unlawful possession of marijuana for sale in California. Crim. Dkt. No. 12 at 6.

On December 4, 2000, Mr. Seco de Lucena pleaded guilty, without a written agreement, to all of the counts in the superseding indictment, except for count nine. Crim. Dkt. No. 113. The United States agreed to dismiss count nine and to adjust the amount of drugs manufactured under count two at sentencing. *Id.*

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). *See* Dkt. No. 12. Under the United States Sentencing Guidelines ("U.S.S.G.") § 3D1.2(c) & (d), it was determined that all of the counts would be grouped. *Id.* ¶ 47. Because count one was the most serious offense of the group, it was used to calculate the guidelines range pursuant to U.S.S.G. § 3D1.3(a). Mr. Seco de Lucena had a base offense level of 28, and two levels were added because a dangerous weapon was possessed, pursuant to § 2D1.1(b)(1). He was also determined to be a career offender because of two or more prior felony drug convictions and crimes of violence as defined in § 4B1.1, increasing his total offense level to 37. *Id.* ¶ 77. An offense level of 37 combined with a criminal history category VI, resulted in a Guidelines imprisonment range of 360 months to life. *Id.* ¶ 95.

Mr. Seco de Lucena was sentenced to 360 months' imprisonment. Crim. Dkt. No. 143. Mr. Seco de Lucena appealed his conviction and sentence, although his attorney later filed later filed a motion to withdraw, asserting that the appeal was frivolous pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). *See United States v. Seco de Lucena*, 27 Fed. Appx. 685 (7th Cir. 2001). The Seventh Circuit found that (1) Mr. Seco de Lucena's plea was voluntary; (2) any argument that his trial lawyer was ineffective should be brought in a motion pursuant to 28 U.S.C. § 2255 and not on direct appeal; (3) Mr. Seco de Lucena could not raise a nonfrivolous argument regarding

2

his sentence because he had no objections to the PSR, aside from a single objection that the district court granted; (4) the decision to sentence him at the high end of the sentencing range on the grounds that his drug activities affected his infant daughter was not subject to review; and (5) the Seventh Circuit did not have jurisdiction to review the district court's denial of his request for a downward departure. *Id.* at 685-88.

On February 27, 2006, Mr. Seco de Lucena filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Southern District of Illinois, which was dismissed as untimely on April 27, 2016. *Seco de Lucena v. USA*, 3:06-cv-00174-DRH, Dkt. No. 4 (S.D. Ill. Apr. 27, 2016). He appealed and the Seventh Circuit dismissed his appeal for failing to timely pay the filing fee. *Id.* at Dkt. No. 22.

On January 22, 2016, Mr. Seco de Lucena filed a second motion to vacate pursuant to 28 U.S.C. § 2255 in the Southern District of Illinois. *Seco de Lucena v. USA*, 3:16-cv-00099-DRH, Dkt. No. 1 (S.D. Ill. Jan. 22, 2016). The district court dismissed Mr. Seco de Lucena's second § 2255 motion because the district court did not have the authority to hear a successive § 2255 motion. *Id.* at Dkt. No. 8.

On January 27, 2016, and on May 8, 2017, Mr. Seco de Lucena sought permission to file a second or successive petition for collateral review under § 2255, which were both denied by the Seventh Circuit. *Seco de Lucena v. USA*, No. 16-1166 (7th Cir. 2016) and No. 17-1966 (7th Cir. 2017).

Mr. Seco de Lucena now challenges his career offender status pursuant to 28 U.S.C. § 2241 under *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court discussed the appropriate analysis of comparing past convictions to a generic offense, such as those listed under the enumerated clause of the ACCA.

## II. Discussion

In his petition, Mr. Seco de Lucena argues that his prior conviction in Illinois for residential burglary is not a "crime of violence" and he should not have received the career offender enhancement under U.S.S.G. § 4B1.1 given the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court discussed the appropriate analysis to use when comparing past convictions to a generic offense listed under the enumerated clause of the ACCA.

To proceed under § 2241 after having filed a motion pursuant to 28 U.S.C. § 2255, the § 2255 motion must have been "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy

or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman – Low*, 503 Fed. Appx. 763, 765 (11th Cir. 2013) (citation omitted).

Each of the three requirements to invoke the savings clause of § 2255(e) is discussed below.

### A. Statutory-Interpretation Case

The Government does not strongly dispute that Mr. Seco de Lucena meets the first savings clause requirement. Dkt. No. 11 at 7 ("At best, while Seco de Lucena may meet the first two Davenport factors to show a structural problem, he cannot show the third."). He challenges his sentence under *Mathis*, which is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *United States v. Bess*, 655 Fed. Appx. 518 (8th Cir. 2016) (recognizing that *Mathis* inquiry was "whether the statutory alternatives were means or elements"). The Court finds that Mr. Seco de Lucena meets the first savings clause requirement.

### B. Retroactivity

Next, the Government does not strongly dispute that Mr. Seco de Lucena meets the second savings clause requirement. Dkt. No. 11 at 7 ("At best, while Seco de Lucena may meet the first two Davenport factors to show a structural problem, he cannot show the third."). The Seventh Circuit has determined that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (internal citations omitted). Thus, the second savings clause requirement is not a barrier to further review.

### C. Miscarriage of Justice

The final question is whether there has been a miscarriage of justice. Mr. Seco de Lucena was sentenced in 2001, prior to *United States v. Booker*, 543 U.S. 220 (2005), which held that the

Sentencing Guidelines are only advisory. The Seventh Circuit has instructed that "the misapplication of the sentencing guidelines, at least where (as here) the defendant was sentenced in the pre-*Booker* era, represents a fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding." *Brown v. Caraway*, 719 F.3d 583, 587-88 (7th Cir. 2013). "[A] petitioner may utilize the savings clause to challenge the misapplication of the career offender Guideline, at least where, as here, the defendant was sentenced in the pre-*Booker* era." *Id.* at 588. Thus, Mr. Seco de Lucena may proceed with his challenge to his career offender enhancement under the Guidelines.

In order to be classified as a career offender, Mr. Seco de Lucena must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(3). Under the 1998 Guidelines, which were used to determine Mr. Seco de Lucena's sentence, a "crime of violence" is defined as :

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (1998). For purposes of his career offender enhancement, his predicate offenses were:

- Residential Burglary in St. Clair County, Illinois, Case #02CF647, December 1, 1991; and
- Possession of Marijuana for Sale in Orange County, CA, Case #95HF0453, May 23, 1995.

*See* Dkt. No. 12 at 15-16. Mr. Seco de Lucena only argues that his residential burglary conviction under 720 ILCS 5/19-3 is not a predicate offense. *See* Dkt. No. 1 at 7; Dkt. No. 13 at 3-7.

6

The Supreme Court held that "[a] crime counts as 'burglary' under the Act if its elements are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Mathis*, 136 S. Ct. at 2248. The generic offense of burglary contains "the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* (*quoting Taylor v. United States*, 495 U.S. 575, 598 (1990)). Merely because the state statute is labeled a "burglary" does not mean it will constitute a "violent felony." *Taylor*, 495 U.S. at 592-93. "A few States burglary statutes ... define burglary more broadly, e.g., by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings." *Id.* at 600.

Mr. Seco de Lucena's argument regarding his residential burglary conviction was foreclosed on December 13, 2017, when the Seventh Circuit decided *Smith v. United States*, 877 F.3d 720 (7th Cir. 2017). In *Smith*, the Seventh Circuit held that "[a] violation of 720 ILCS 5/19-3 is generic burglary for the purpose of § 924(e) and similar federal recidivist statutes." *Id.* at 724. Mr. Seco de Lucena argues that *Smith* is inapplicable because the quoted offense in *Smith* is different than the statute he was convicted under. *See* Dkt. 13 at 3-8. Mr. Seco de Lucena is mistaken. 720 ILCS 5/19-3 was amended in 2000, and now includes the extra phrase quoted by Mr. Seco de Lucena ("This offense includes the offense of burglary as defined in Section 19-1"). However, Mr. Seco de Lucena was convicted in 1992, and was convicted under the same version of 720 ILCS 5/19-3 quoted in *Smith*. *See* 720 ILCS 5/19-3(a) (1992) ("A person commits residential burglary who knowingly and without authority enters the dwelling place of another

with the intent to commit therein a felony or theft."). Thus, *Smith* precludes relief to Mr. Seco de Lucena on his residential burglary conviction.

Because *Mathis* does not entitle Mr. Seco de Lucena to relief, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

### III. Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/23/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN SECO DE LUCENA
04962-025
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel